UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:22-cv-00034-MR

| MARK THOMAS BOGER, | ) |  |
|---|---|---|
| Petitioner, | ) ) ) | **MEMORANDUM OF DECISION AND ORDER** |
| vs. | ) ) ) |  |
| STATE OF NORTH CAROLINA, | ) ) |  |
| Respondent. | ) ) |  |

**THIS MATTER** is before the Court on the Petitioner's Motion for Reconsideration [Doc. 26], Motion to Compel Eyewitness Testimony or Other Evidence Not Heard by Jury Members [Doc. 33], Motion for Hearing on All Issues [Doc. 45], and Motion to Reconsider Certificate of Appealability [Doc. 46].

**I.  BACKGROUND**

Mark Thomas Boger (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner is currently serving a twenty-six year sentence for multiple drug related convictions, following a jury trial, and being a habitual felon, based upon his guilty plea to the same, all occurring in Iredell County. [Doc. 1 at 1].

The Petitioner sets forth the following in his Petition as his post-Judgment proceedings.

The Petitioner filed a direct appeal on grounds that the record did not reflect that the jury was impaneled and that the trial court's judgment assessing attorney's fees violated due process. State v. Boger, 2019 WL 5214588, *1 (N.C. Ct. App. Oct. 15, 2019). The appellate court affirmed Petitioner's convictions finding no error in the trial court's impaneling of the jury but vacated the award of attorney's fees and remanded the matter to the trial court to provide the Petitioner with notice and an opportunity to be heard on the attorney's fees issue. Id.

On remand, the trial court held a hearing on the attorney's fees issue. Apart from reconsidering the attorney's fees issue, and as a result of the Petitioner's behavior during the hearing, the trial court held the Petitioner in contempt and sentenced him to an additional 60 days to be served at the end of his sentence. State v. Boger, 2021 WL 1750858, *1 (N.C. Ct. App. May 4, 2021). The Petitioner appealed again, this time challenging the contempt order, and the Court of Appeals affirmed the trial court. Id.

The Petitioner filed a post-conviction Motion for Appropriate Relief ("MAR") in Iredell County Superior Court on October 2, 2020, challenging the evidence presented against him at trial. [Doc. 1 at 3-4]. The trial court denied

the MAR on November 6, 2020, due to the Petitioner's failure to set forth any probable grounds for relief. [Doc. 11 at 5].

The Petitioner filed another post-conviction motion to vacate sentence in Iredell County Superior Court in October 2021. The Petitioner states that he has not yet received a ruling on this motion.[1] [Doc. 1 at 3-4].

The Petitioner filed the pending § 2254 petition for writ of habeas corpus on March 31, 2022. [Doc. 1]. On December 6, 2023, the Court dismissed this action as procedurally barred. [Doc. 22]. The Court found, based upon Petitioner's sworn statements in his Petition, that his motion to vacate sentence filed in October 2021 has not been resolved and remains pending. [Id.]. As such, and since nothing contained in Petitioner's post-conviction motion has been presented to the highest state court having jurisdiction, this Court concluded Petitioner had not exhausted his available state remedies before filing the present § 2254 action. [Id.].

On December 20, 2023, Petitioner filed a Motion to Reconsider the Court's December 6, 2023, dismissal order. [Doc. 26]. Additionally, Petitioner has since filed a Motion to Compel Eyewitness Testimony or Other Evidence Not Heard by Jury Members [Doc. 33]; a Motion for Hearing on All

---

[1] In his Petition, the Petitioner confusingly listed his October 2021 MAR before his October 2020 MAR. [Id. at 3-4].

Issues [Doc. 45]; and a Motion to Reconsider Certificate of Appealability. [Doc. 46].

## II. STANDARD OF REVIEW

A motion for reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59 or 60. A court has the discretion to alter or amend a judgment pursuant to a motion brought under Rule 59(e) no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Such motions shall be granted only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. International Chemical Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). "[R]ule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id.

Federal Rule of Civil Procedure 60(b) allows a court to enter an order providing relief from a final judgment or order under certain circumstances, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The movant has the burden to establish the grounds set forth in the motion and such grounds "must be clearly substantiated by

adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (quoting Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966)). Relief under Rule 60(b) is an "extraordinary remedy" to be applied only in "exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).

## III. DISCUSSION

The Court has already set forth its reasoning for the dismissal of the Petition for Writ of Habeas Corpus: namely, failure to exhaust state remedies regarding his October 2021 motion to vacate sentence, which he asserts remains pending. [Doc. 22 at 5]. In his motion for reconsideration, however, the Petitioner now asserts that he did exhaust his state remedies as he sought a writ of certiorari in the North Carolina Court of Appeals. [Doc. 26]. In support of his position, Petitioner attaches a copy of an order from the North Carolina Court of Appeals indicating that a petition for writ of certiorari filed in "this cause" by Petitioner on September 1, 2021, was denied by that court on October 8, 2021. [Doc. 26-1]. While the Petitioner does not identify "this cause" for which he sought the North Carolina Court of Appeals' certiorari writ, the record clearly shows that it does not pertain to the subject motion to vacate sentence.

5

Case 5:22-cv-00034-MR   Document 48   Filed 10/15/24   Page 5 of 9

When completing Question 11 of his § 2254 petition, which sought information regarding his pursuit of state remedies, the Petitioner's own chronology of events forecloses his reconsideration argument. The Petitioner states he filed a "Motion to Vacate Sentence" in the "North Carolina General Court of Justice Superior Court Division" dated "10-2021" but that he has not received any decision ("none so far"). [Doc. 1 at 3]. The Petitioner's certiorari petition to the North Carolina Court of Appeals was filed in the **appellate court** on September 1, 2021, one month *before* Petitioner filed his postconviction motion to vacate sentence in the **trial court**. Therefore, the "cause" attached to the Petitioner's request for the certiorari writ, while unidentified, could not have been Petitioner's motion to vacate sentence because said motion did not yet exist on September 1, 2021.[2]

While the Petitioner sets forth new evidence to convince the Court that it should reconsider its prior Order, the evidence supplied by Petitioner is irrelevant to the pertinent inquiry. Petitioner's documentation of his filing of a petition in the Court of Appeals in a different matter does not change this Court's analysis regarding the Petitioner's failure to exhaust. The Petitioner

---

[2] The only conclusion that can be drawn from the record the Petitioner presents is that he had filed a third MAR that he did not list in his Petition, and such third MAR was filed and addressed after his October 2020 MAR, but before his October 2021 MAR, which October 2021 MAR remains pending.

still has a pending motion to vacate in state court that precludes this Court's jurisdiction to review the merits of his petition.

## IV. CONCLUSION

The Petitioner does not provide the Court with any factual basis to demonstrate that reconsideration of the dismissal Order is warranted. The Petitioner fails to show any clear error of law that requires this Court's correction, nor does he show the presence of any limited circumstances under which a motion for reconsideration may be granted under either Rule 59 or Rule 60. As such, the Petitioner is not entitled to relief. Finally, the Petitioner requests by motion that the Court compel eyewitness testimony or other evidence not heard by jury members [Doc. 33], convene a hearing on all issues [Doc. 45], and reconsider its denial of a certificate of appealability [Doc. 46].[3] However, as set forth above, this matter shall remain dismissed

---

[3] In addition to his *pro se* motions, the Petitioner has filed thirty-three letters with the Court reiterating various complaints about his proceedings in the North Carolina courts. These filings are in violation of Paragraph 2 of the Court's Standing Order regarding 28 U.S.C. § 2254 cases, set forth below:

> 2. No letters may be sent to the Clerk of Court, any District Judge, any Magistrate Judge, or any other Court employee concerning the case. All letters will be ignored and will not receive a response. A *pro se* litigant may only file a motion, a memorandum, any pleading allowed by the procedural rules, or any document ordered by the Court. Further, all documents filed in the case must include the case number assigned to the action. Only documents that are properly filed with the Court, and which include the correct case number, will be docketed in the case. Documents shall include only one civil case number, and any document listing multiple civil case

for failure to exhaust state remedies, and therefore, the aforesaid motions shall be denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## ORDER

**IT IS THEREFORE ORDERED** that the Petitioner's Motion for Reconsideration [Doc. 26], Motion to Compel Eyewitness Testimony or Other Evidence Not Heard by Jury Members [Doc. 33], Motion for Hearing on All Issues [Doc. 45], and Motion to Reconsider Certificate of Appealability [Doc. 46] are **DENIED.** Pursuant to Rule 11(a) of the Rules Governing

---

numbers may be returned or stricken. If the *pro se* litigant wishes to have a file stamped copy returned for his or her records, the *pro se* litigant shall provide an extra copy of the document to the Clerk of Court.

Standing Order of Instructions Regarding Cases Filed Under 28 U.S.C. §§ 2241, 2254, 2255, File No. 1:23-MC-22-MR (W.D.N.C. Nov. 1, 2023).

8
Case 5:22-cv-00034-MR   Document 48   Filed 10/15/24   Page 8 of 9

Section 2254 Cases, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: October 14, 2024

Martin Reidinger
Chief United States District Judge